UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE ARNOLD,

    Plaintiff,

v.

IRIS PROPERTIES, INC.,

    Defendants.

Civil Action No. 1:22-cv-4223-CM

*MEMO ENDORSED*

*11/7/2022 — Defendant must respond to this matter by 11/23/2022*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/2022

### NOTICE OF SUGGESTION OF DEATH AND MOTION TO SUBSTITUTE PROPER PARTY

COME NOW, undersigned counsel for the deceased Plaintiff, Bruce Arnold, and Judy Arnold, Trustee of *THE ARNOLD LIVING TRUST*, the successor and representative of Plaintiff Bruce Arnold, and hereby advises the Court and all Parties of the death of the Plaintiff, Bruce Arnold, which occurred on October 8, 2022. Additionally, Counsel hereby moves this Court to substitute Judy Arnold, Trustee of *THE ARNOLD LIVING TRUST*, in the place of the named Plaintiff, Bruce Arnold, pursuant to Fed.R.Civ.P. 25. Undersigned counsel for Plaintiff Bruce Arnold and now counsel for Proposed Substitute Plaintiff Judy Arnold, Trustee of *THE ARNOLD LIVING TRUST*, hereby states the following:

1.     Plaintiff Bruce Arnold, a resident of Marin County, California died on October 8, 2022.

2.     Pursuant to Federal Rule of Civil Procedure 25(a):

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

3.     To succeed on a motion for substitution, the movant must show (i) the motion is timely; (ii) the movant's claims have not been extinguished by the death; and (iii) the movant

proposed a proper party for substitution. *See Roe v. City of N.Y.*, 2003 WL 22715832, at *1–3 (S.D.N.Y. Nov. 19, 2003).[1]

4. Here, the Motion is timely. Furthermore, as explained herein, the claims in this litigation have not been extinguished by the death of Plaintiff Bruce Arnold. This action involves rights to certain intellectual property, royalties other contractual issues, including breach of contract claims, unfair competition and trademark infringement that survive Mr. Arnold as those rights are still owed to Mr. Arnold's heirs.

5. A breach of contract action can be maintained after death. *See Karoon v. Franklin, Weinrib, Rudell & Vassallo, P.C.*, 2010 WL 2143671, at *7 (S.D.N.Y. May 27, 2010) ("A decedent's executor or administrator can maintain a cause of action for breach of contract that decedent would have had." (citing N.Y. Estate Powers & Trusts § 11–3.1)); *see also Estate of Elvis Presley v. Russen*, 513 F.Supp. 1339 (D.N.J. 1981)(finding that estate of deceased singer had standing to bring action common law unfair competition and trademark infringement action where it had economic interest in protection of future ability to generate income from property rights associated with the singer's entertainment services).

6. Additionally, the movant here is a proper party for substitution. A proper party for substitution is either a "representative of the deceased party's estate" or a "successor of the deceased party." *Garcia v. City of N.Y.*, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009) (internal quotation marks omitted). A representative of the deceased party includes a person

---

[1] Counsel is aware of some case law that states courts have refused purported suggestions of death that are filed by the decedent's former attorney after the decedent's death. See *Stephens v. American Risk Management*, 1995 U.S. Dist. LEXIS 11553, at *4-5 (S.D.N.Y. Aug. 14, 1995); *Hybrid Capital Grp., LLC v. Padell*, 2018 U.S. Dist. LEXIS 76062, at *3 (S.D.N.Y. May 2, 2018). However, in this matter, counsel is now representing the Proposed Substituted Party and requesting substitution and filing the Suggestion of Death and Motion for Substitution on behalf of the proper successor and representative of Plaintiff Bruce Arnold. Therefore, these cases are not applicable. See *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F.Supp. 713, 716 (S.D.N.Y. 1993)(holding that suggestion of death was only invalid if the suggestion fails to identify the representative or successor who may be substituted as a party).

lawfully designated by state authority to represent the deceased's estate. *Roe v. City of N.Y.*, 2003 WL 22715832, at *2 (allowing parents of deceased plaintiff to substitute in despite no court appointed executor or administrator). Here, the Trustee, Judy Arnold is also the surviving spouse and proper representative of Mr. Arnold's Estate. Moreover, *THE ARNOLD LIVING TRUST* is a proper successor of the deceased party as it is lawfully designated to pursue the rights alleged in this litigation.[2]

7. The Trustee of a valid Trust, especially when that Trustee is the spouse of the deceased, is a proper party to substitute in as the Plaintiff in this action moving forward. See *Komondy v. Gioco*, 2014 WL 12918203 *6 (D. Conn. Jan. 29, 2014)(holding that Trustee and spouse of deceased was a proper party to act as representative for the deceased for substitution purposes).

8. Fed. R. Civ. P. 25(a) does not require formal appointments of an estate for substitution to occur. Within this Circuit, "federal courts have held that for substitution to occur, one need not even have been 'formally appointed as the representative of the [decedent's] [e]state.'" *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F.Supp. 713, 716 (S.D.N.Y. 1993) (citing *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986); *McSurely v. McClellan*, 753 F.2d 88, 97 (D.C.Cir.), cert. denied, 474 U.S. 1005 (1985)).. Even where a party dies intestate and an administrator has not been formally appointed, his surviving spouse has been held a "proper party" for substitution as a "primary distributee" of her husband's estate. *Hardy*, 842 F.Supp. at 716. In sum, "Rule 25(a)(1) was designed to dispel unwarranted rigidity and allow more flexibility in substitution." *Id.* (citation and internal quotations omitted).

9. Prior to Mr. Arnold's death, on or about September 1, 2022, Bruce Arnold created

---

[2] Movant is prepared to file the Trust if necessary or requested by the Court. However, Movant would prefer to keep the Trust documents private and would propose filing the Trust documents under seal if deemed necessary by this Court.

*THE ARNOLD LIVING TRUST* with his wife, Judy Gail Arnold, listed as Trustee.

11. Mr. Arnold's wife, Judy Gail Arnold, has been appointed the Trustee of *THE ARNOLD LIVING TRUST*.

12. The Trustee was granted the power to do and perform any and all necessary acts and things in relation to the Trust in the same manner and to the same extent as an individual might or could do with respect to his or her own property, including all of the powers enabled by §§ 16200, et seq., of the California Probate Code. The powers enabled by the California Probate Code include, but are not limited to the power to collect, hold and retain trust property (§ 16220), participate in any business or continue the operation of any business of the subject to the trust property (§ 16222), pay or contest any claim or settle and release any claim (16242), hire accountants, attorneys, etc. (§ 16247), and prosecute or defend actions, claims or proceedings of trust property (§ 16249). Additionally, the Trust expressly indicates the Trust has all powers set forth in Exhibit A to *THE ARNOLD LIVING TRUST* which includes, but is not limited to:

- The power to carry out the terms of any valid agreements which Bruce Arnold may have entered into during their lifetimes;
- The power and authority to operate any Close-Held Businesses of Bruce Arnold;
- The power to enter into contracts;
- The power to deal with Fiduciaries;
- The power to exercise power over any digital device or digital asset;
- To employ and compensate agents, attorneys', accountants and other professionals deemed by the Trustee to be reasonably necessary;
- The power to receive assets of the Trust.

13. Among other grants, assignments, transfers and other rights granted, *THE ARNOLD LIVING TRUST* granted all of Bruce Arnold's right, title, and interest to *THE*

4

*ARNOLD LIVING TRUST* in the following:

> All property, to include but not limited to Intellectual Property, songs, logos, goodwill derived from the music group known as Orpheus or any other source.
>
> All property, to include but not limited to Intellectual Property, in which Bruce Oliver Arnold has created or is entitled to from Bruce Arnold Music, (BAM) or any other source.
>
> The business entity known as Bruce Arnold Music and the music group Orpheus, and shall include, but not be limited to, the goodwill, accounts receivable, intellectual property, digital assets, physical assets, songs, equipment, inventory, bank accounts and all other assets of the business of whatever manner, wherever located, and whenever acquired, directly or indirectly.

14. Undersigned counsel has been retained by *THE ARNOLD LIVING TRUST* to represent Judy Arnold, as Trustee of *THE ARNOLD LIVING TRUST*, in this matter going forward. (*See* Attorney Affirmation of Joshua D. Wilson In Support of Motion to Substitute Proper Party).

15. Based on the above, Judy Arnold, as Trustee of *THE ARNOLD LIVING TRUST* is now the proper Plaintiff in this action. As Trustee, Judy Arnold has all rights and powers necessary to prosecute the action and collect any royalties and other damages as asserted in this lawsuit.

16. Counsel has submitted a Proposed Order for the Court to review. (*See* Proposed Order). Additionally, once ordered by the Court, we request that the caption of the case be amended to reflect the substitution going forward.

WHEREFORE, the successor and representative of Bruce Arnold, Judy Arnold hereby requests that the Court substitute Judy Arnold, as *THE ARNOLD LIVING TRUST*, as the Plaintiff in this case going forward.

Dated: October 28, 2022				Respectfully submitted,

						*/s/ Joshua D. Wilson*
						Joshua D. Wilson
						**GORDON REES SCULLY MANSUKHANI, LLP**
						One Battery Park Plaza, 28th Floor
						New York, NY 10004
						Telephone: 973-459-2532
						Fax: 212-269-5505
						jdwilson@grsm.com

						*Counsel for Judy Arnold, Trustee of the Arnold Living Trust*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF electronic filing system this 28th day of October 2022, upon the below named counsel of record:

Jonathan Z. King
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
jzk@cll.com

/s/ Joshua D. Wilson
Joshua D. Wilson